UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| TRISTAN SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. C09-95-JCC-BAT |
| | ) | |
| v. | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| RICHARD PENNINGTON, et al., | ) | |
| | ) | |
| Defendants, | ) | |

Plaintiff Tristan Smith has filed a Complaint under 42 U.S.C. § 1983. Dkt. 4. In response, defendants have filed a Motion For Summary Judgment And Qualified Immunity. Dkt. 15. Plaintiff has filed no opposition to this motion. After careful consideration of defendants' Motion for Summary Judgment and the balance of the record, the Court recommends that defendants' motion be GRANTED and that plaintiff's claims be DISMISSED with prejudice.

## BACKGROUND

### I. Plaintiff's Allegations

On January 23, 2009, plaintiff filed a complaint under 42 U.S.C. § 1983 alleging defendants were deliberately indifferent to his medical needs. Dkt. 4. Plaintiff is an inmate incarcerated at the King County Jail. He alleges on September 18, 2008, he submitted multiple kites to medical staff about a broken pin in his leg, extreme pain, and the need for immediate medical attention. *Id.* at 3. A month later defendant Richard Pennington examined him and told

REPORT AND RECOMMENDATION – 1

him he would not prescribe plaintiff pain medications, that plaintiff's pain was not his concern and that plaintiff did not meet the criteria for pain management. *Id.*

On October 24, 2008, plaintiff asked to see a doctor "via" defendant Sean Dumas. *Id.* Plaintiff alleges although Dumas told him he was scheduled to be seen "by the clinic," he never was. *Id.* Plaintiff contends that on November 14, 2008, an unknown nurse told him she would not do anything for plaintiff. *Id.*

Plaintiff alleges on December 2, 2008, defendant Saskia Schaeffer contacted him about plaintiff's surgery and pain medications requests. Schaeffer told plaintiff he could not get the pain medications he requested and would have to address his concerns with another doctor. *Id.*

**II. Defendants' Motion For Summary Judgment**

On May 19, 2009 defendants filed a motion for summary judgment under Fed. R. Civ. P. 56 supported by declarations from all three defendants. Dkts. 15, 16, 17, 18. Defendants contend they are Seattle-King County health supervisors who review and respond to King County Jail inmate medical grievances. Each contends they have never met or treated plaintiff and that the only contact they have had with him was responding to his medical grievances. Dkt. 15 at 3.

Defendant Sean Dumas states his only contact with plaintiff was to respond to a medical grievance plaintiff submitted on October 20, 2008 requesting leg surgery, pain medications and financial compensation. Dkt. 17. After reviewing plaintiff's medical records, Dumas denied the grievance on October 24, 2008, and informed plaintiff he was scheduled to be seen in the clinic. *Id.* Plaintiff was examined on October 27, 2008, by Dr. Roger Higgs, M.D. *Id.* Dumas states medical staff has seen plaintiff numerous times since his booking into the King County Jail, that the Jail has provided plaintiff with non-narcotic pain medication, and that none of the doctors who have examined plaintiff determined surgery was necessary including the doctor from Harborview

REPORT AND RECOMMENDATION – 2

who examined plaintiff on November 26, 2008. *Id.*

Defendant Richard Pennington states his only contact with plaintiff was to respond to two medical grievances. Dkt. 18. On October 3, 2008, plaintiff filed a grievance that he was in severe pain, wanted stronger medication and wanted to be seen by an orthopedic doctor. *Id.* On October 20, 2008, Pennington reviewed plaintiff's medical file. The file indicated the jail was providing plaintiff non-narcotic pain medications but declining plaintiff's requests for stronger medications. Plaintiff's file indicated that on October 17, 2008, Dr. Sanders approved denial of plaintiff's request for narcotic Tylenol 3; on October 27, 2008, Dr. Higgs examined plaintiff but denied plaintiff's request for Tylenol 3, and on November 14, 2008 plaintiff requested but was not prescribed Tylenol 3 and Oxycodone. Pennington denied plaintiff's grievance regarding pain medications based on the medical staff's assessment that plaintiff should not receive stronger pain medications.

Pennington also denied the appeal of the grievance plaintiff filed on October 20, 2008. On December 10, 2008, Pennington denied that appeal because plaintiff was being seen and treated that very day by a medical provider, and because none of the care providers who examined plaintiff had ever concluded he should be prescribed stronger pain medications or concluded that surgery was necessary or appropriate.

Defendant Saskia Schaeffer states she has not met or treated plaintiff. She has reviewed plaintiff's medical records and they establish plaintiff has been seen numerous times by medical jail staff and an outside provider from his booking date to the date he filed this action. Dkt. 16. Schaeffer's sole contact with plaintiff was on December 2, 2008, when she responded to plaintiff's appeal of a grievance. The appeal arose out of a grievance plaintiff filed on October 3, 2008 complaining about medical staff's failure to respond to complaints of leg pain, and

REPORT AND RECOMMENDATION – 3

requesting an orthopedic evaluation and different pain medications. On November 17, 2008, Pennington denied the grievance indicating plaintiff did not meet the criteria for pain medications and that he had an upcoming appointment with a care provider. Plaintiff appealed stating the doctor had confirmed a broken pin was causing severe pain. Schaeffer responded stating the doctor had not approved pain medications and that he had an appointment to be seen and could discuss his concerns with the doctor. *Id.* On November 26, 2008, plaintiff was seen by a doctor at Harborview. The doctor indicated plaintiff should continue to receive the same pain medications and no follow-up appointment was needed. The doctor also stated "[h]e does have a broken screw, however this would not be the cause of his lower leg pain." *Id.* On November 28, 2008, plaintiff was seen by ARNP Ang with no change in medication plan. Based on the information in plaintiff's file, Schaeffer denied plaintiff's appeal. Additionally, as a nurse, Schaeffer states she has no authority to prescribe the stronger pain medications that plaintiff requested.

## ANALYSIS

**I. Standard of Review**

Summary judgment should be granted when "the pleadings . . . together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue of fact is "genuine" if it constitutes evidence with which "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party can carry its initial burden by establishing that the nonmovant lacks the quantum of evidence needed to satisfy his burden of persuasion at trial. *Block v. City of Los*

*Angeles*, 253 F.3d 410, 416 (9th Cir. 2001). Once this has occurred, the procedural burden shifts to the party opposing summary judgment. That party must go beyond the pleadings and must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248-49. The nonmoving party's failure of proof "renders all other facts immaterial," creating no genuine issue of fact, and thereby entitling the moving party to the summary judgment it sought. *Celotex Corp.*, 477 U.S. at 323.

The Court's pretrial scheduling order and amended pretrial scheduling order advised plaintiff of what he must do to oppose a motion for summary judgment:

> When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

Dkt. 13, *see also Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998). Furthermore, the orders advised plaintiff that, under Local Rule CR 7(b)(2), a party's failure to file necessary documents in opposition to a motion for summary judgment may be deemed by the court to be an admission that the opposition is without merit. Dkt. 13. Plaintiff did not file a brief in opposition to defendants' motion as Local Rule CR 7(b)(2) requires. Accordingly, the Court may deem plaintiff to have admitted that the motion has merit. Even if the Court does not make this assumption, plaintiff has not submitted to the Court any facts demonstrating a genuine issue for trial. *See Anderson*, 477 U.S. at 248. Thus, summary judgment is appropriate if defendants have shown that they are entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c).

REPORT AND RECOMMENDATION – 5

Plaintiff's claims are made pursuant to 42 U.S.C. § 1983. In order to sustain a § 1983 claim, plaintiff must show that (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

**II. Qualified Immunity**

Defendants assert that they are entitled to qualified immunity because there is no evidence plaintiff's medical care fell below constitutional standards and therefore defendants' denial of plaintiff's medical grievances did not violate plaintiff's constitutional rights. Dkt. 15.

Qualified immunity shields government officials from liability for civil damages as long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Courts may, but are not required to, apply the following three-part sequential inquiry to determine if qualified immunity applies. *Pearson v. Callahan*, 129 S.Ct. 808, 818 (2009); *Saucier v. Katz*, 533 U.S. 194 (2001). First, "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Saucier,* at 201. If the facts show that no constitutional violation could be established, no further inquiry is necessary. *Id*. at 201. If the facts could establish a violation, the Court must next ask whether the right was clearly established. *Id*. Finally, the Court must decide whether a reasonable officer in these circumstances would have thought his or her conduct violated the alleged right. *Id*. at 205.

Plaintiff alleges the defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment. To establish an Eighth Amendment violation, plaintiff must prove defendants were "deliberately indifferent" to a serious risk of harm to his well-being. *Wilson v. Seiter*, 501 U.S. 294, 302-04 (1991). Defendants may be held liable only if they knew

REPORT AND RECOMMENDATION – 6

that plaintiff faced "a substantial risk of serious harm and disregard[ed] that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

Plaintiff must demonstrate that the risk of harm was "objectively, 'sufficiently serious,'" and that the officials acted with a "'sufficiently culpable state of mind.'" *Id*. at 834 (cited sources omitted). The latter subjective showing requires plaintiff to prove that (1) an official was aware of facts from which he could have inferred that a substantial risk of serious harm existed, and (2) the official in fact drew the inference. *See Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th Cir. 1995) (*citing Farmer*, 511 U.S. at 837).

Deliberate indifference may be found where prison officials "deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). The indifference, however, must be substantial; inadequate treatment due to negligence, inadvertence or differences in judgment between an inmate and medical personnel do not rise to the level of a constitutional violation. *See id.*; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

Prison officials may be free from liability if they "responded reasonably" to a known risk; a dispute, in hindsight, over the existence of arguably superior alternatives does not raise a triable issue of fact as to whether the defendants were deliberately indifferent. *See Farmer*, 511 U.S. at 844; *Berg v. Kincheloe*, 794 F.2d 457, 462 (9th Cir. 1986).

In this case, there is no evidence that defendants were deliberately indifferent to plaintiff's medical needs. The evidence establishes defendants responded to plaintiff's medical grievances and did not ignore them. The evidence also establishes defendants' responses to plaintiff's grievances were based on plaintiff's medical records, that these records showed plaintiff received pain medications, and that plaintiff's requests for more powerful pain medications and leg surgery

REPORT AND RECOMMENDATION – 7

were assessed and rejected by the physicians who examined him. Plaintiff's grievances obviously reflect his desire for different pain medications and treatment but differences in judgment between an inmate and medical personnel do not rise to the level of a constitutional violation. Under these circumstances a reasonable person in defendants' shoes would not have known his or her conduct violated a clearly established statutory or constitutional right. Accordingly, the Court concludes defendants are entitled to qualified immunity and that this case should be dismissed.

## CONCLUSION

For the reasons set forth above, the Court recommends that defendants' motion for summary judgment be GRANTED and that plaintiff's claims against all defendants be DISMISSED. A proposed order accompanies this Report and Recommendation.

DATED this 24th day of June, 2009.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge